PHILLIPS v. TAXI SERVICE CO.

(Circuit Court, D. Massachusetts. January 11, 1911.)

No. 698.

1. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—INJURIES TO PEDESTRIANS—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, desiring to take an outward bound street car, in a thickly built part of Boston, stopped on the curb at a street crossing and made observations concerning the location of traffic, and, believing it safe to cross, proceeded to the rear of an inward bound car then standing at the crossing, and while attempting to reach the further side of the outward bound track, without again stopping to look for obstructions that might be in the opposite side of the street, hurried to take his car, when he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was struck and seriously injured by one of defendant's automobiles, the speed of which was not reduced to a moderate rate before reaching the place of the accident. *Held*, that under the decisions of the Supreme Judicial Court of Massachusetts plaintiff was not negligent in not looking again before passing the rear of the inward bound car.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

2. DAMAGES (§ 131*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff was seriously injured in a collision with an automobile in a city street. He had lost two years' time, the value of which was $3,000, and his expenses to effect a cure were something over $1,500. It also appeared that there would certainly be future loss of employment for a limited time, and there was evidence that he had suffered or would suffer great pain, discomfort, and inconvenience, though his injury was not permanent. *Held*, that a verdict allowing plaintiff $6,926.06 was not excessive.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 131.*]

At Law. Action by James E. Phillips against the Taxi Service Company. On motion for a new trial. Denied.

Barton & Barton, for plaintiff.

Warner, Warner & Stackpole and George L. Mayberry, for defendant.

PUTNAM, Circuit Judge. The motion for new trial was in the usual form, to the effect that the verdict was against the evidence and the weight of the evidence, and that the damages awarded were excessive. The verdict was rendered on November 18, 1910, in favor of the plaintiff, for $6,926.06. The suit was for damages arising from a collision with a taxicab on Beacon street, in Boston, near where Commonwealth avenue crosses it. An inward bound car was standing with its rear to the crosswalk, and the plaintiff left the curb of the sidewalk, and crossed behind the inward bound car to take an outward bound car which was approaching. After passing behind the inwardbound car, and while attempting to reach the further side of the outwardbound track to take his car, the accident happened. The facts involved here arrange themselves into two groups.

The first group of facts relates to whether the plaintiff took proper observations of the street before leaving the curb, and the further fact that he did not look up and down the street after passing the rear of the inward bound car. If he had not made observations from the curb, the court would have instructed the jury to return a verdict for the defendant, on the ground that the plaintiff did not make any observations after passing the rear of the inward bound car. The court expressed its personal view that the plaintiff was bound to make observations immediately on passing the rear of the inward bound car, but felt itself constrained to relieve the plaintiff on this score provided he made observations from the curb as claimed by him, and this in view of the decision of the Supreme Judicial Court referred to in the charge to the jury. Therefore, as to this group of facts, the only question of fact was whether he did make proper observations of the street from the curb.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The views expressed by the Supreme Court of the United States with reference to analogous positions, and the views expressed by the Supreme Judicial Court of Massachusetts directly as to the use of these powerful machines on the streets, as well as the rule of common sense, declare such machines to be dangerous, and therefore to be handled with extreme care to prevent injury to travelers. The speed of this machine had been reduced somewhat before reaching the precise point where this injury occurred; but it is to be regretted that the drivers of automatic machines are too apt to regard a mere reduction as coming down to a proper speed, and that they do not stop when passing a condition with reference to surface cars such as existed here until all passengers are safe and all obstructions to sight are removed. Nevertheless, they do not do it, which is clearly matter of negligence. Moreover in this particular case the taxicab did not come down to a moderate rate of speed, so that it might have reached the place of the accident in a very brief time after the street was observed from the curb by the plaintiff, if it was so observed, without his being made aware of its approach. This fact and other facts demonstrate clearly the fault of the taxicab, and also leave ground of probability which prevents discrediting the claim of the plaintiff that he did look up and down the street from the curbstone. It is to be regretted that on that point the testimony of the plaintiff was not brought out in a clear manner on either the direct examination or the cross-examination, but was left in a confused condition. Nevertheless, in view of the fact that there is no inherent improbability in the claim that the plaintiff did observe as we have stated, and of the further fact that the burden was on the defendant, the court was unable to find at the trial that the plaintiff was proved to have been guilty of negligence with reference to this single particular.

The other group of facts concerns the claims of the defendant that the plaintiff not only passed the inward bound car without looking at the time of leaving it, but that he also proceeded towards the outward bound track on a "run" or "dog trot." As to this there was apparently direct conflict of evidence, but the expressions used are, of course, comparative; and what may have seemed to some witnesses as a "run" or "dog trot" may have seemed to others as only the natural and proper hastening of one's steps across a street to reach a car, which hastening one is justified in making after he has taken a proper observation of the street from some suitable point.

As bearing particularly on this question, and all the questions of fact involved in this case, the court finds that it opened its charge to the jury as follows:

"This case is mainly for you, gentlemen. I could not dispose of it."

This was the view the court took at that time, when all the proofs were clearly in its mind. If at that time the court had taken the view which the defendant now urges on it, it certainly would have directed a verdict for the defendant, and not left the parties to the burden of a full and somewhat expensive trial, merely to be announced a nullity afterwards. On a careful review of the proceedings since this motion for a new trial was argued, the court has not been able to change its

opinion, expressed in its charge, as already stated. If the defendant has been prejudiced, it must find its relief in the errors of law which the court may have made with reference thereto.

As to the damages, the plaintiff was admittedly entitled to compensation for loss of time for about two years, amounting to $3,000. He is also entitled to his expenses, which admittedly amounted to something over $1,500. These make a total of $4,500. In addition, there was the certainty of future loss of employment for a limited time, and there were pain in the past and discomfort and inconvenience in the future, although his prospect of recovery within a few months was very favorable. The injury was of so severe a character that the progress at the present time appears to the court to have been the result of very skillful and faithful medical and surgical treatment and nursing. His sufferings during a large portion of the time of his recovery were intense, and the inconveniences arising therefrom were very great indeed. It is not for the court to say that a jury exceeded a just limit in awarding anywhere from $2,000 to $3,000, or even more, for all the considerations aside from the $4,500 to which the plaintiff was admittedly entitled. In the view of the court, the award of damages was moderate.

The motion for new trial is denied.